### R. J. WADDELL & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. November 11, 1904.)

#### No. 3,512.

1. CUSTOMS DUTIES—CLASSIFICATION—HONES—WHETSTONES.
   The provision for "hones and whetstones," in paragraph 574, Tariff Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684], includes only articles used in sharpening edged instruments.

2. SAME—HONE-STONE POLISHERS—UNENUMERATED ARTICLES.
   *Held,* that certain articles of hone stone, which are used in polishing marble and lithographic stones, and which are not shown to be known commercially as "hones," are not free of duty as "hones" under paragraph 574, Tariff Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684], but are dutiable as unenumerated manufactured articles under section 6 of said act, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

On Application for Review of a Decision of the Board of United States General Appraisers.

The subject of these proceedings is a decision affirming the assessment of duty by the collector of customs at the port of New York on merchandise imported by R. J. Waddell & Co. This merchandise consisted of a variety of stones, classified as dutiable under section 6, Tariff Act July 24, 1897, c. 11, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), as unenumerated manufactured articles. The importers' contention was that it should have been admitted free of duty, under the provision for "hones and whetstones" in paragraph 574 of said act, c. 11, § 2, Free List, 30 Stat. 198 (U. S. Comp. St. 1901, p. 1684). A description of the merchandise, and the conclusions and reasoning of the Board of General Appraisers, appear from the following excerpt from the Board's opinion:

"De Vries, General Appraiser: At the hearing six samples were introduced as original representative samples of the different kinds of the merchandise in question. * * * Exhibits 3 and 4 are rough pieces of stone in the condition taken from the quarry, with one side smooth. The merchandise represented by these exhibits was of various sizes, being about a handy size to be conveniently held in and grasped by the hand while in use. * * * Exhibit 6 is a rough-cut stone about 8 inches in length, 3 inches in width, and 2 inches thick. The invoices the subject of these protests all contain the following caption: 'Invoice of certain goods, viz., hone stone, sold in Dalmore, Scotland,' etc. Following this designation are the enumerations of the varieties of merchandise by the following specific names, which, described by

reference to the exhibits enumerated, we find are as follows: * * * (4) Marble polishers, 'fine grain,' and marble polishers, 'sharp grain,' represented by Exhibits 3 and 4. * * * (6) Square-cut hones, represented by Exhibit 6. (7) Mikado hone-stone blocks, some of irregular shapes, like Exhibits 3 and 4, and others of regular shapes, like Exhibit 6, all rough cut, and weighing from 70 to 80 pounds each. * * * (10) Hone stone, 'fine grain,' and hone stone, 'sharp grain,' which are the same as Exhibits 3 and 4, being the identical articles. On all invoices but one these goods are designated as 'marble polishers.' On the latest invoice they are designated as 'hone stone,' etc. (11) Mikado hone-stone blocks, 'fine blue,' which are the same as the mikado hone-stone blocks before described, differing in size and color. * * * It further appears and we find that the square-cut hones represented by Exhibit 6 are principally used by lithographers in taking off the hard knots in their lithographic stones, and sometimes for sharpening tools. It further appears that the mikado hone-stone blocks and the mikado hone-stone blocks, 'fine blue,' etc., are used by the calico print trade for the sharpening of tools, and that those imported, the subject of these protests, were sold to that trade for that purpose. We further find that the goods represented by Exhibits 3 and 4, by whatever designation known upon these invoices, are used to rub down marble in the course of polishing the same. In G. A. 5,204, T: D. 23,986, this board, in passing upon merchandise identical with Exhibits 3 and 4, held that such articles did not come within the meaning of the word 'hones,' as used in the free list of the present tariff act, and that only such goods were within the terms thereof as were used for the sharpening of razors, tools, and other edged instruments. It is sought in this case by the importers to impeach that decision by establishing that the word 'hones' in that paragraph is used in a commercial sense, and, as so known, all the merchandise the subject of these protests is entitled to free entry, whatever its use. Much testimony was adduced at the trial. Upon a re-examination of the question of law presented, we are satisfied that the conclusion reached in G. A. 5,204, T. D. 23,986, is correct. The word used in the statute is 'hones,' a plain and unambiguous term. In Newman v. Arthur, 109 U. S. 137, 3 Sup. Ct. 91, 27 L. Ed. 883, the Supreme Court said: 'Where words used in an act imposing duties upon merchandise have acquired by commercial use a meaning different from their ordinary meaning, the latter may be controlled by the former, if such be the apparent intent of the statute; but the application fails in the present instance, because the language used is unequivocal. There is no reference in the statute, either expressed or by implication, to any commercial usage, and there is no language in it which requires for its interpretation the aid of extrinsic circumstances.' In G. A. 5,204, T. D. 23,986, this board quoted at length the definitions of the leading lexicographers of both 'hones' and 'whetstones,' and an advertence to that decision shows that lexicographic authorities uniformly agree that the word 'hones' and the word 'whetstones' in their descriptive force each implies a stone used for sharpening edged tools, instruments, etc., by friction. The one unit of similarity between the two is that the stones must be articles used for sharpening edged tools. That being the only sense in which the word is used, we are unable to discover anything in the statute which indicates that it was used in other than its ordinary sense. On the contrary, we find in the statute that which indicates that the word 'hones,' which is the word here in question, was used in its plain, ordinary sense, and not in any commercial sense. It is used in conjunction with the word 'whetstones.' The rule of construction applicable is found quoted by the authorities as follows: 'One of the best-settled rules of the interpretation of laws imposing duties is that the articles grouped together are to be deemed of a kindred nature and of kindred materials, unless there is something in the context which repels that inference. Adams v. Bancroft, 3 Sumn. 384, Fed. Cas. No. 44; United States v. Sixty-Five Terra-Cotta Vases (C. C.) 18 Fed. 508; In re Sixty-Five Terra-Cotta Vases (D. C.) 10 Fed. 880.' If there is doubt, therefore, as to the meaning of the word 'hones,' reference may be had to the word 'whetstones,' its associate word in the statute, as giving evidence of and measuring the scope of the meaning and use of its associate word 'hones.' The one common unit of similarity between them, and which limits the meaning of both of them under the rule quoted, is that each is used

for sharpening edged tools. The meaning of the one is limitation upon the other, and an index of the meaning of the other. It will hardly be contended for a moment that the word 'whetstones,' which is a word known in every household in the land, is used in a commercial sense, or in any other sense than as an instrument used for sharpening edged tools. Under the decision quoted, therefore, we think there can be no escape from the conclusion that the word 'hones,' as used in the statute, is used in its plain, ordinary sense, which is uniformly described by the lexicographic authorities as an instrument used for sharpening tools, and that sense limits its use and scope in its application to the merchandise which Congress intended to give free entry under that designation. It will be noted that all the merchandise covered by these protests, save and except that represented by Exhibits 3, 4, and 6, comes within the definitions laid down in G. A. 5,204; and as to those articles the protests are well taken. As to the articles represented by Exhibits 3, 4, and 6, we find that their use is for other purposes than that of sharpening edged tools, and think the protests are not well taken. As stated, it was sought to establish, particularly with reference to the articles represented by Exhibits 3 and 4, and which are the subject of decision in G. A. 5,204, that they were commercially known as 'hones.' We think this record does not sustain that contention. * * *

"It thus appears, we think, fairly, from this record, that this merchandise is not generally and uniformly through the United States known as 'hones'; that there is not a general and uniform trade designation which includes this merchandise within that designation. On the contrary, it appears that it is invoiced not as 'hones,' but as 'hone stone,' a term descriptive of the quality of merchandise suitable for making hones, rather than an eo nomine designation of an article; that it is further known as 'grit,' as 'marble polishers,' as 'Scotch goods,' as 'hone stone,' etc. We find that there is no general and uniform trade designation in this country, which includes such merchandise as represented by Exhibits 3, 4, and 6 within that trade designation as 'hones,' and that, on the contrary, they are not so known. The protests * * * are overruled as to the merchandise represented by Exhibits 3, 4, and 6. * * *"

Comstock & Washburn, for appellants.
Charles Duane Baker, for the United States.

HAZEL, District Judge. The merchandise, consisting of a variety of stones, was assessed for duty at 20 per centum ad valorem, as nonenumerated articles, manufactured in whole or in part, under section 6 of Tariff Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], and are claimed by the importers to be entitled to free entry as hones, under a provision of paragraph 574, § 2, Free List, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684], which reads "Hones and Whetstones." The Board of General Appraisers decided that the merchandise represented by Exhibits 3, 4, and 6 herein was properly dutiable as assessed. In view of the comprehensive opinion of the Board of General Appraisers, it is deemed entirely sufficient to say that, in my judgment, the board has correctly interpreted paragraph 574. The stones are not hones or whetstones. The plausible reasons assigned by the board for reaching its conclusion are thought to be sound and persuasive. The importers, however, contend that such decision is clearly against the weight of evidence; that the proofs show that the articles were known as hones according to commercial designation. On this point a great deal of testimony was taken on the part of the government and also of the importers. Upon the conflicting

evidence a decision has been reached that the articles had no uniform trade designation in this country, and that they were not known as hones.

The decision of the Board of General Appraisers is affirmed.