## United States *v.* Tamm & Co. (No. 711).[1]

1. "COMPOSED OF."

   "Composed," in paragraph 95, tariff act of 1909, does not imply that an article to be "composed" must be made of more than one substance; an article may be composed of a single substance.

2. "MINERAL SUBSTANCES."

   Nor does the phrase "mineral substances" in the same paragraph mean substances in the plural, to the exclusion of substance in the singular. The solid flint glazing stones of the importation are dutiable under that paragraph as articles or wares composed wholly or in chief value of earthy or mineral substances.—Salomon *v.* United States (T. D. 31635).

United States Court of Customs Appeals, January 11, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7235 (T. D. 31705).

[Reversed.]

*Wm. L. Wemple,* Assistant Attorney General (*Leland N. Wood* on the brief), for the United States.

*Brown & Gerry* for appellees.

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise here involved, as represented by the official exhibit, is a solid piece of flint stone, circular in shape, having a diameter of a little more than 3 inches and a length of a little more

---

than 2 inches. The periphery is polished. The ends have been smoothed but not polished. It is a glazing stone used for glazing papers, but the method of its use is not disclosed. It was assessed for duty under the provisions of paragraph 95 of the tariff act of 1909, the material part of which reads as follows:

> 95. Articles and wares composed wholly or in chief value of earthy or mineral substances, not specially provided for in this section, whether susceptible of decoration or not, if not decorated in any manner, thirty-five per centum ad valorem. * * *

Under their protest the importers claim the merchandise to be dutiable as a nonenumerated article manufactured in whole or in part under the provisions of paragraph 480 of the same act. The Board of General Appraisers sustained the protest and the case is duly here for review.

The first contention of the importers is that the proper construction of paragraph 95 requires an article to be composed of more than one earthy or mineral substance to warrant its classification and assessment thereunder. The appellees further contend that this importation, which they concede is a flint stone, manufactured, is not a manufacture of flint stones and also that it is not articles and wares within the meaning of paragraph 95.

We think the statute should receive the same construction as if it read "an article or a ware composed wholly or in chief value of an earthy or mineral substance," etc. It is true the plural term "mineral substances" is used, but this is obviously because "articles and wares" are also used in the plural form.

Manifestly, the importation here is an "article" in the common acceptation of the meaning of that word. The meaning of the term "composed of" as used in paragraph 95 does not seem to be involved in any doubt. By lexicographers, as well as by people generally, we think one of its meanings is "made of, made up of, consisting of"; not only this, but such appears to be the common meaning attributed by Congress to the term in various sections of the tariff act. To illustrate, paragraph 98 relates to articles of every description "composed wholly or in chief value of glass"; paragraph 112 relates to "all articles composed wholly or in chief value of agate, rock crystal, or other semiprecious stones"; paragraph 188 relates to pins "composed wholly of brass, copper, iron, steel, or other base metal"; paragraph 339 relates to "cordage composed of istle, Tampico fiber, manila, sisal grass, or sunn"; paragraph 448 relates to articles composed of silver, German silver, white metal, brass, gold, and platinum; paragraph 462 relates to pipes or pipe bowls "of whatever material composed"; and many other instances of a like meaning being obviously applied to the term "composed of" may easily be found in the tariff act. These demonstrate clearly that in the tariff act the term "composed of" is used in the sense we have above indicated, and we find no warrant for holding it is not its meaning in paragraph 95.

This is but a reiteration of what we said in Salomon *v.* United States (2 Ct. Cust. Appls., 92; T. D. 31635), where it was held, referring to the same language, that its plain meaning was "articles or wares made up of a mineral substance."

Applying this construction to the paragraph and to the importation, these glazing stones are clearly composed of a mineral substance, for it is not contended that flint is otherwise than a mineral substance.

The Board of General Appraisers considered that the collocation of paragraph 95 strengthened their conclusion that the term "composed of" as there used related to the combining of several mineral substances or the combination of one or more mineral substances with other substances.

We do not think this can be said of paragraph 95 with any greater force than it might be urged respecting some other paragraphs to which we have referred and in which manifestly the term "composed of" contemplates that the article may be composed of only one substance, but which it seems unnecessary to specially discuss.

We hold that the merchandise was dutiable as assessed, and so holding it becomes unnecessary to consider whether the exhibit here is or is not a flint stone, manufactured, because it is dutiable under paragraph 95 as composed of a mineral substance.

The result is that the judgment of the Board of General Appraisers is *reversed.*

DE VRIES, Judge, did not sit in this case.