WADDELL & CO. *v.* UNITED STATES (No. 981).[1]

WHEN NOT HONES OR WHETSTONES, NOR CRUDE MINERALS.

The stones of the importation do not appear to be in the condition in which they were quarried; rather their shape and size appear as the result of labor and design for a particular use, namely, as polishers. They were properly assessed as marble polishers composed of a mineral substance under paragraph 95, tariff act of 1909.

## United States Court of Customs Appeals, November 21, 1912.

APPEAL from Board of United States General Appraisers, Abstract 29022 (T. D. 32655).

[Affirmed.]

*Comstock & Washburn* (*George J. Puckhafer* of counsel) for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Leland·N. Wood,* assistant attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case was invoiced as "3 cases Tam O'Shanter hone stone sharp" and "6 cases Tam O'Shanter hone stone fine," and free entry was claimed for the merchandise as hones or whetstones, under paragraph 586 of the act of 1909.

The appraiser returned the importation as Tam O'Shanter marble polishers, and therefore dutiable as articles composed of a mineral substance at 35 per cent ad valorem under the provisions of paragraph 95 of the act. Duty was assessed accordingly.

The importers protested against the assessment, claiming in the protest that the merchandise was free as hones or whetstones under paragraph 586, or was free as minerals crude, or not advanced in value or condition, under paragraph 626. Various alternative claims were contained within the protest, including a claim for classification of the merchandise as nonenumerated unmanufactured or manufactured articles, under paragraph 480 of the act.

The protest was heard by the Board of General Appraisers and was overruled. The importers now seek a reversal of that decision of the board.

The following is a copy of the paragraphs above cited:

95. Articles and wares composed wholly or in chief value of earthy or mineral substances, not specially provided for in this section, whether susceptible of decoration or not, if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad valorem; carbon, not specially provided for in this section, twenty per centum ad valorem; electrodes, brushes, plates, and disks, all the foregoing composed wholly or in chief value of carbon, thirty per centum ad valorem.

480. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles, not enumerated or provided for in this section, a duty of ten

[1] Reported in T. D. 32989 (23 Treas. Dec., 474).

per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of twenty per centum ad valorem.

(Free list.)  586. Hones and whetstones.

(Free list.)   626. Minerals, crude, or not advanced in value or condition by refining or grinding, or by other process of manufacture, not specially provided for in this section.

No testimony was offered by either party at the hearing before the board; the case therefore now stands upon the official sample of the merchandise, the return of the appraiser concerning it, the assessment by the collector pursuant thereto, and the decision of the board sustaining the same.

The official sample is a flat piece of stone about 2 inches thick, having the shape of a right-angled triangle, the base thereof being about 6 inches, and the hypotenuse about 7 inches, in length. As already noted, there is no testimony submitted in the case; therefore it is left to conjecture as to how the stone came to be in its present form. It is, however, apparent that one edge and an obtuse end have been sawed, and one side bears marks of a stonemason's chisel. The stone is gray in color and fine grained, and seems to be similar both in color and texture to the stone ordinarily used in the manufacture of hones and whetstones. The official sample fits rightly into a man's hand, and has a shape, size, and weight suitable for use in the manual polishing of marble. Both the shape and size, however, as well as the finish of the sample, make it wholly unsuitable for present use either as a hone or whetstone. As above stated, the merchandise was returned by the appraiser as marble polishers.

The foregoing description of the official sample seems sufficient to dispose of the claim that the stones in question are hones or whetstones; obviously they are neither. The next question in the case, and the one chiefly relied upon by the importers, is the claim that the merchandise is free as crude minerals under paragraph 626 of the act. But the difficulty which the court encounters in coming to consider this contention is the fact that there is nothing in the record to explain the history and present condition of the article in controversy. Here is an article composed of stone, possessing an unusual shape such as suggests at once that it was fashioned by design, exactly adapted by form, size, and weight, as well as substance, to a certain well-known industrial purpose, bearing upon its sides the marks of saw and chisel, returned by the appraiser under a given name, to wit, a marble polisher, and apparently requiring no further treatment to fit it for use as such. In the total absence of other evidence in the case the court is unable to find from the facts stated that the appraiser was wrong in his return. It need hardly be observed that the presumption both of law and fact favors the correctness of the appraiser's finding and the collector's assessment. It is not intended here to imply that the court may not upon an inspec-

tion of the official sample alone set aside the classification of the collector. To the contrary the court would certainly be justified in that procedure in cases wherein the exercise of the senses and the application of common knowledge would sufficiently disclose an error in the assessment. But in the present case an inspection of the official sample rather tends to incline the court to the view that the stone in question is the result of a manufacturing process, crude no doubt, but nevertheless actual, designed to produce a completed article suitable for a given use. It does not seem probable that the stones as imported are in the condition in which they came from the quarry, but rather that their shape and size result from labor and design applied to that end. Particularly is this likely in view of the fact that the sample is but one of a considerable number of like stones possessing at least in general the same characteristics and bearing in common the name of "marble polishers."

The considerations thus expressed incline the court upon this record against the claim of the importers that the stones in question are crude minerals only, and lead the court to sustain their assessment as articles composed of a mineral substance.

In this view of the case it is of course apparent that the article should be classified within the enumeration expressed by paragraph 95 and not relegated to the nonenumerated paragraph. See United States v. Tamm & Co. (2 Ct. Cust. Appls., 425; T. D. 32173).

The decision of the board sustaining the action of the collector is therefore approved and *affirmed*.