UNITED STATES *v.* JOHNSON & CO. (No. 1075).   JOHNSON & CO. *v.*
UNITED STATES (No. 1076).[1]

WATER OF AYR WHETSTONES.

The stone is smooth, and its chief use is to smooth the rough surfaces of engraved rollers.   It was dutiable as an article of earthy or mineral substance under paragraph 95, tariff act of 1909.—Waddell & Co. *v.* United States (3 Ct. Cust. Appls., 406; T. D. 32989); Manufacturers' Paper Co. *v.* United States (3 Ct. Cust. Appls., 72; T. D. 32353); United States *v.* Tamm (2 Ct. Cust. Appls., 425; T. D. 32173).

United States Court of Customs Appeals, April 22, 1913.

APPEAL from Board of United States General Appraisers, Abstract 30677 (T. D. 32997).
[Reversed.]

*William L. Wemple*, Assistant Attorney General (*William A. Robertson*, special attorney, of counsel), for the United States.
*Hatch & Clute* (*Walter F. Welch* on the brief) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

These are cross appeals, but as the record was not made to show a ground for sustaining the appeal of the importers, we pass that by, as the importers have done in their brief, and deal with the case upon the appeal of the Government.

The case was rested upon the report of the appraiser, which states that the merchandise in question—water of Ayr whetstones—is identical with the subject of decision of the Board of General Appraisers in Abstract 24859 (T. D. 31316).   The merchandise as described in the abstract referred to consists of water of Ayr whetstones, which the testimony showed to be a stone quarried from a quarry in Ayrshire, Scotland.   On one side the stone is smooth, and its chief use is for smoothing the rough surfaces of engraved rollers.   Stones of like character were before this court in Waddell & Co. *v.* United States (3 Ct. Cust. Appls., 406; T. D. 32989), and were held dutiable as an article of earthy or mineral substance.

This would be sufficient to say of the case except for the fact that there appears to have been a misapprehension on the part of the learned general appraiser who wrote the opinion.   The case of Waddell & Co. was not cited, but two or three board decisions were cited, and also the cases of United States *v.* Tamm (2 Ct. Cust. Appls., 425; T. D. 32173) and Manufacturers' Paper Co. *v.* United States (3 Ct. Cust. Appls., 72; T. D. 32353).   The board said of these cases:

Later the Court of Customs Appeals, in The United States *v.* Tamm (2 Ct. Cust. Appls., 425; T. D. 32173), held that glazing stones were dutiable under paragraph 95 as earthy or mineral substances.

In Manufacturers' Paper Co. *v.* United States (3 Ct. Cust. Appls., 72; T. D. 32353), the court held that dressed lava stones used for grinding purposes were dutiable under paragraph 480.

---

[1] Reported in T. D. 33375 (24 Treas. Dec., 603).

And cited a later board decision holding an importation like that in question to be dutiable under paragraph 480, and concludes as follows:

Without attempting to reconcile any conflict that may exist in these cases, we think the weight of authority supports the importers' contention.

Whatever may be said as to the holdings of the board, there is no conflict in the cases cited from this court. The board's decision appears to be based upon the case of R. J. Waddell & Co. v. United States (135 Fed., 211), which was a case which arose under the tariff act of 1897. The distinction between that statute and the statute of 1909 was distinctly pointed out in the opinion of this court cited by the general appraiser (Manufacturers' Paper Co. v. United States). It was said:

At the argument the query was made as to whether this case would fall within the rule of United States v. Tamm & Co. (2 Ct. Cust. Appls., 425; T. D. 32173). The present case, however, arose under the act of 1897 and the applicable paragraph (97), which was held not to include articles which were not susceptible of decoration. United States v. Downing (207 U. S., 354); see also Fensterer & Ruhe v. United States (1 Ct. Cust. Appls., 93; T. D. 31110). The importation could not, therefore, under these rulings be held dutiable as earthy or mineral substances. The Tamm case arose under paragraph 95 of the act of 1909, which covers articles or works of earthy or mineral substances, whether susceptible of decoration or not

In entire harmony with this decision and that of United States v. Tamm, the court held in the Waddell case (3 Ct. Cust. Appls., 406; T. D. 32989) that the articles here in question were dutiable as earthy or mineral substances under paragraph 95.

The decision of the board is *reversed* and the action of the collector *sustained*.