. United States *v.* Holland-American Trading Co. (No. 1126).[1]

Polish as a Manufactured Article.

This polish appears to be composed of pulverized silica, alumina, and lime saturated and mixed with petroleum oil and fat. This combination of materials is not fairly to be described as a chemical compound or mixture. It was properly held dutiable as an unenumerated manufacture under paragraph 480, tariff act of 1909.

## United States Court of Customs Appeals, May 26, 1913.

Appeal from Board of United States General Appraisers, Abstract 31318 (T. D. 33194).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Anthony P. Ludden,* special attorney, on the brief), for the United States.

*Jules Chopak, jr.,* for appellees.

Before Montgomery, Smith, Barber, De Vries, and Martin, Judges.

Barber, Judge, delivered the opinion of the court:

The merchandise is metal polish, and was assessed for duty as composed of earthy or mineral substances under paragraph 95 of the tariff act of 1909 upon the return of the appraiser to that effect. He had reported that upon an examination of the merchandise he found it to be composed in chief value of earthy or mineral substances. The importers protested, claiming that duty should be assessed upon the polish as a manufactured article at 20 per cent ad valorem under paragraph 480 of the same act.

At the hearing before the Board of General Appraisers, although one witness was called by the importers, his evidence went no further than to establish the fact that the samples correctly represented the importation, but this fact was conceded by the Government. The case was then submitted with the request on the part of the importers that the samples be submitted to a chemist for a quantitative and qualitative analysis, with permission to file briefs 10 days after said analysis might be returned. After such return the importers preferred a request that the Government chemist be requested to determine the component material of chief value of the sample he had examined. The Government objected to this upon the ground that the chemist was not competent to testify as to values. The request was denied and no further proceedings that are material to the decision of the case were had before the board.

The board in its decision said that from the analysis of the chemist of the appraiser's laboratory it is quite apparent to us that it is not such an article as should be classified under paragraph 95 and sustained the protest.

The Government appeals, assigning, among other things, error in that the board should have held the merchandise dutiable as assessed;

---

and also that it is dutiable as a chemical compound or mixture under paragraph 3 of the same act.

In its brief here the Government relies mainly upon its claim that the merchandise is dutiable under paragraph 3 and asks that the judgment of the board be reversed.  The importers contend for its affirmance.

No objection was made to the chemist's analysis being treated as evidence by the board and no question as to its competency is made here.  The analysis is as follows:

*Dake's Metal Polish.  4 samples.*

|  | Per cent. |
| --- | --- |
| Free acid as oleic | 22. 13 |
| Volatile petroleum | 5. 37 |
| Unsaponifiable oil (petroleum) | 12. 15 |
| Saponifiable fat | 10. 32 |
| Silica | 40. 25 |
| Alumina and iron oxide | 5. 25 |
| Moisture | 2. 82 |
| Lime, etc | 1. 71 |

United States *v.* Embossing Co. (3 Ct. Cust. Appls., 220; T. D. 32536) and Bartley Brothers *v.* United States (*ib.*, 363) seem to preclude the correctness of the collector's classification and are referred to for authority and reasoning on that subject.  Not only this, but they seem to be authority for sustaining the action of the board, because we do not think the merchandise here is *shown* to be a chemical compound or mixture within the meaning of paragraph 3.

This polish is apparently composed of pulverized silica, alumina, and lime, saturated and mixed with the petroleum, oil, and fat named in the analysis, resulting in a thick, pasty substance, typical in appearance of similar articles of common everyday use.  Chemically speaking, some of the component materials may be chemical compounds or the result of chemical mixture, but we are unwilling to say on the record here that a substance composed so largely of silica, commonly known to be crushed quartz—the sand of the seashore—alumina, one of the most abundant of earths (see Century Dictionary), and petroleum and saponifiable fat is a chemical compound or mixture under paragraph 3.

Tariff statutes are addressed to the common understanding and speak in the language of the common people, unless a different commercial meaning is shown, although, of course, recourse may be had when necessary to technical and scientific works to elucidate the meaning.

So construed, we do not think it ought to be held *in this case* that the metal polish is a chemical compound or mixture, as claimed. Emphasis is given to this conclusion by the fact that this issue was in no respect litigated before the board, and the reliance of the Govern-

ment here is upon certain chemical formulas for several of the ingredients of the polish.

Without designing to here establish a precedent for other cases involving similar or like articles coming before us on a more complete record, we conclude that the judgment of the Board of General Appraisers should be, and it is, *affirmed*.