UNITED STATES *v.* KRAEMER & Co. *et al.* (No. 1216).[1]

PLATE POWDER WHITING BY SIMILITUDE.

Chemical substances and mineral substances are distinguished for dutiable purposes in the statute. The main constituent of the powder here is a mineral rather than a chemical, 94.89 per cent of it being mineral. It was properly held dutiable under paragraph 54, tariff act of 1909. Bartley Bros. & Hall *v.* United States (3 Ct. Cust. Appls., 363; T. D. 32961), Strohmeyer & Arpe Co. *v.* United States (2 Ct. Cust. Appls., 285; T. D. 32035), United States *v.* Holland-American Trading Co. (4 Ct. Cust. Appls., 336; T. D. 33527).

United States Court of Customs Appeals, October 31, 1913.

APPEAL from Board of United States General Appraisers, Abstract 33222 (T. D. 33668).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Samuel Isenschmid,* assistant attorney, on the brief), for the United States.

*Brown & Gerry* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

F. L. Kraemer & Co. imported at the port of New York an invoice of "Goddard's Non-Mercurial Plate Powder." The importation is

---

[1] Reported in T. D. 33858 (25 Treas. Dec., 408).

concededly in all material respects similar to if not identical with the subject of decision of this court in Bartley Bros. & Hall *v.* United States (3 Ct. Cust. Appls., 363; T. D. 32961). The article, as its name indicates, is a powder used for polishing plate and other metal surfaces.

The competing provisions of the law prompting this appeal are paragraphs 3, 95, and 54 of the tariff act of 1909, which, in so far as pertinent, read:

3. * * * Chemical compounds, mixtures and salts, and all greases, not specially provided for in this section, * * *.

95. Articles and wares composed wholly or in chief value of earthy or mineral substances, not specially provided for in this section, * * *.

54. Whiting and Paris white, dry, * * *.

The collector at the port of New York classified the merchandise and assessed it for dutiable purposes under paragraph 95 as articles or wares composed of an earthy or mineral substance. The Board of General Appraisers reversed the collector, and ordered classification under the provisions of said paragraph 54 by similitude as whiting, following the decision of this court in Bartley Bros & Hall *v.* United States, *supra*, and pointing out with much terseness and effect that if paragraph 95 were to receive the construction put upon it by the collector in this case there would be but few articles of importation which would not fall thereunder for dutiable purposes.

In this court it is conceded by both parties to the record that in view of the decisions of the court, particularly that of Bartley Bros. & Hall *v.* United States, *supra*, wherein it was held that merchandise which is in the form of an impalpable powder is not included within the term " articles and wares " are used in paragraph 95, is conclusive of that issue.

The remaining issue, therefore, is whether or not the merchandise is dutiable under paragraph 3 as a chemical mixture or under paragraph 480 as a nonenumerated manufactured article.

The Government, appellant, points out that in Bartley Bros. & Hall *v.* United States, *supra*, this court laid particular stress upon the fact, in response to the claim that the merchandise was dutiable as a chemical mixture, that there was no evidence in that record supporting the contention. The court there said: " There is, however, in this record no evidence disclosing the ingredients of which this importation is composed." Upon that ground in that case the contention that the merchandise was properly dutiable as a chemical mixture was overruled.

It is insisted by the Government that under the doctrine as announced by this court in Strohmeyer & Arpe Co. *v.* United States (2 Ct. Cust. Appls., 285; T. D. 32035) the importation is dutiable as a chemical mixture.

It is answered by the appellees that under the decision of this court in United States *v*. Holland-American Trading Co. (4 Ct. Cust. Appls., 336; T. D. 33527) such merchandise can not be held to be dutiable within said paragraph 3 as a chemical mixture.

There is no conflict between the decisions mentioned, and the line of demarcation controlling the decision in this case is therein made plain. In the case of Strohmeyer & Arpe *v*. United States, *supra*, this court had before it for dutiable classification a so-called "lime powder." In construing paragraph 3 it was pointed out that a difference existed between chemical compounds and chemical mixtures. Two constructions were held applicable to those terms. One, which construes them of the same import; the other, as pointed out by the court, that a chemical compound is not simply a mingling of components, but a combination of them, resulting in their destruction as distinct entities and in the development by chemical reaction of a new substance possessing properties radically different from those of its constituent elements, while a chemical mixture implies that the corporeal integrity, the separate chemical nature, and individual properties of the mixed ingredients have been preserved. It was further held in that case in order to constitute a chemical mixture the intermixed ingredients must be chemicals. If we were to hold, as contended from the literal phraseology of the paragraph, that there is no difference between a chemical compound and a chemical mixture, we lose sight of the statutory rule of construction that where possible every word and phrase of a paragraph of the law must be given some effect. In order to do this, therefore, it becomes necessary to draw the distinction observed by this court in the case of Strohmeyer & Arpe Co. *v*. United States, with the result that a chemical mixture is held to be simply an intermixing of chemicals. That is to say, the materials mixed together must be in and of themselves chemicals, that association constituting a mixture only, rather than a compound, in that the identity of the individual chemicals is still preserved in the mixture. When this identity is lost by a chemical union of the intermixed entities and the consequent development of a new entity, such becomes a chemical compound. The mixture, however, must be of chemicals and not of materials other than chemicals.

The first inquiry, therefore, at the threshold of this case is, Are the intermixed ingredients of this powder chemicals, and is that intermixture a chemical or a mere mechanical one?

We pause for a moment to note that the phrase "chemical mixture," under the rules of construction laid down by this court and for many years sanctioned by the Supreme Court, does not mean a mixture made up in a minor part of chemicals, but must be taken to mean a mixture made up substantially entirely of chemicals. United

States v. Burne (4 Ct. Cust. Appls., 298; T. D. 33515) ; Kenyon Co. v. United States (4 Ct. Cust. Appls., 344; T. D. 33529).

An analysis made by the Government chemist in the United States laboratory at the appraiser's office in New York, introduced into the record and accepted as correct, is as follows:

|  | Per cent. |
|---|---|
| Calcium phosphate | 85. 69 |
| Calcium carbonate | 9. 20 |
| Alumina phosphate | . 37 |
| Iron oxide | . 91 |
| Sodium carbonate | . 35 |
| Silica | 1. 15 |
| Moisture and organic matter | 1. 07 |
| Sodium chloride, loss, etc | 1. 26 |
|  | 100. 00 |

As appears thereform, it will be sufficient to say that calcium phosphate comprises 85.69 per cent and calcium carbonate 9.20 per cent of the merchandise. Are calcium phosphate and calcium carbonate chemicals? If not, can this be said to be a chemical mixture when composed of 85.69 per cent of calcium phosphate and 9.20 per cent of calcium carbonate, a total of 94.89 per cent of the article, when neither is a chemical within contemplation of the tariff laws? In its tariff enactments, in the paragraphs here in question, Congress undoubtedly distinguished between chemicals and minerals for duty purposes. Demonstration of this point is had by a reading of the two paragraphs, 3 and 95, in question. Each is in the nature of a catchall provision. Paragraph 3 provides for chemical compounds and mixtures not specially provided for, while 95 provides for articles and wares of earthy and mineral substances not specially provided for. Congress has therefore distinguished between chemical substances and mineral substances for dutiable purposes and contemplates each as a different subject. This brings us to the query, Are calcium phosphate and calcium carbonate chemicals or minerals? In more homely parlance, Are calcium phosphate and calcium carbonate, which are bone ash, dust, or residuum, chemicals or minerals? The United States Dispensatory, nineteenth edition, states of calcium, in material particulars, as follows:

This is the metal characteristic of lime, and consequently of all calcareous substances. * * * Calcium is a very abundant element in nature, *existing in the mineral kingdom chiefly* as a carbonate, in the form of limestone, marble, chalk, and calcareous spar, and as *a phosphate and carbonate* in the bones and shells of animals, and as a sulphate in gypsum and selenite.

The other standard authorities are uniform upon this point. It would seem, therefore, that the authorities, which speak the common and popular understanding of the use of terms, regard the main constituent of this powder as a mineral rather than a chemical.

Constituting, as these do, 94.89 per cent of the powder as mineral, it can not be said that it is wholly or in chief value of a chemical, which is necessary in order to come within the scope of that term as a chemical mixture in paragraph 3. This conclusion accords perfectly with that of this court in the case of United States *v.* Holland-American Trading Co., *supra*, wherein the court, speaking through Judge Barber, said:

> This polish is apparently composed of pulverized silica, alumina, and lime, saturated and mixed with the petroleum, oil, and fat named in the analysis, resulting in a thin, pasty substance, typical in appearance of similar articles of common everyday use. Chemically speaking, some of the component materials may be chemical compounds or the result of chemical mixtures, but we are unwilling to say on the record here that a substance composed so largely of silica, commonly known to be crushed quartz—the sand of the seashore—alumina, one of the most abundant of earths (see Century Dictionary), and petroleum and saponifiable fat is a chemical compound or mixture under paragraph 3.

> Tariff statutes are addressed to the common understanding and speak in the language of the common people, unless a different commerical meaning is shown, although, of course, recourse may be had, when necessary, to technical and scientific works to elucidate the meaning.

The decision of the Board of General Appraisers is *affirmed*.