ROSENHEIM *et al. v.* UNITED STATES (No. 1231).[1]

EARTHY OR MINERAL SUBSTANCES—WHAT NOT.

The amorphous viscous substance of the importation, without any determinate shape or form, does not come within the provisions of paragraph 95, tariff act of 1909, as an article composed wholly or in chief value of earthy or mineral substance. There is no evidence of similitude in the record, but it is clear the substance is a manufacture not expressly provided for by any paragraph of the law in question. It was classifiable as a nonenumerated manufacture under paragraph 480.

United States Court of Customs Appeals, January 22, 1914.

APPEAL from Board of United States General Appraisers, Abstract 32480 (T. D. 33464).

[Reversed.]

*Walter Evans Hampton* for appellants.

*William L. Wemple,* Assistant Attorney General (*William A. Robertson,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal is from four decisions of the Board of General Appraisers. The merchandise was returned to the collector of customs at the port of New York by the appraiser at that port in a statement that "the merchandise in question consists of Amor's metal polish, an article composed wholly of mineral substances * * *." The collector assessed the same for duty under the provisions of paragraph 95 of the tariff act of 1909 as an article composed wholly or in chief value of earthy or mineral substances. The protests contain several counts, chief of which here relied upon is that the merchandise

---

[1] Reported in T. D. 34135 (26 Treas. Dec., 161).

is properly dutiable as a nonenumerated manufactured article under the provisions of paragraph 480 of the said act. The Board of General Appraisers in all of the cases overruled the protests upon the ground that there was not sufficient evidence in the record to warrant the board in disturbing the decisions of the collector. The importers appeal.

The record discloses that the decisions of the board were rendered in the absence of further testimony than that which came to the board from the collector. An application for rehearing was made and overruled in each case. The merchandise was returned by the local appraiser to the collector as above stated. Samples of the merchandise, together with an analysis thereof made by the Government chemist at the port of New York, accompany the record, duly identified. These samples evidence a material much like that the subject of the decision of this court in United States *v.* Holland-American Trading Co. (4 Ct. Cust. Appls., 336; T. D. 33527). The analysis states:

*Amor Metal Polish.* \* \* \* The same has the following components: Fat (by loss in ignition), 55.88 per cent; mineral residue consisting of silica, alumina, and iron oxide, probably clay, 44.12 per cent.

In each of the decisions the Board of General Appraisers recites that the merchandise in these cases consists of "Amor's metal *polish.*" There is ample in this record to disclose that the conclusion of the board was not warranted by the facts disclosed in the record and recited in each of its opinions.

This court in frequent decisions has held that the words "articles and wares composed wholly or in chief value of earthy or mineral substances," as used in paragraph 95 of the tariff act of 1909, do not include an impalpable powder. Salomon *v.* United States (2 Ct. Cust. Appls., 92; T. D. 31635); United States *v.* Embossing Co. *et als.* (3 Ct. Cust. Appls., 220; T. D. 32536); Bartley Bros. & Hall *et als. v.* United States (3 Ct. Cust. Appls., 363; T. D. 32961). It is fully within the principles of said decisions that amorphous, viscous substances of this description, without any determinate shape or form, are likewise for the reasons therein stated not included within the provisions of said paragraph 95. Such substances are more like the "plasticine" or "plastilina" the subject of decision by this court in United States *v.* Embossing Co., *supra,* and held not within the description of "articles and wares" as used in paragraph 95, for the reason that it was not of "specific form for definite and ultimate use."

Whether or not the article is properly dutiable by similitude of use to whiting, as was held of Goddard's plate powder in Bartley Bros. & Hall *et als. v.* United States, *supra,* and later of the same material in United States *v.* Kraemer & Co. *et al.* (4 Ct. Cust. Appls., 433; T. D. 33858), there is not sufficient evidence in this record to

determine. Similitude is a question of fact, which must be established by evidence. In the absence of such evidence in the record, however, it is clear that the article is not properly dutiable as assessed by the collector and as held by the Board of General Appraisers. It is equally clear that it is a manufacture. Likewise it is clear that it is not expressly provided for by any paragraph of the tariff law. It, therefore, upon this record would be properly classifiable for dutia-. ble purposes as a nonenumerated manufactured article under the provisions of paragraph 480, as claimed by the protestants, who are appellants here. This decision, however, must for want of a more complete record be confined to this record, as was the decision of this court in United States *v.* Holland-American Trading Co., *supra,* confined to the record in that case.

*Reversed.*