BEFORE THE FIRST DIVISION, OCTOBER 21, 1944

**No. 49768.**—Protests 59841–K, etc., of International Selling Corporation (New York).

COLE, Judge: We are here concerned with the tariff classification of a commodity described on the invoices as "Kilfrost paste," which is used to prevent formation of ice on airplane wings. The official papers disclose that the classifying officer regarded the merchandise as "a chemical mixture" and assessed it with duty under the provisions of paragraph 5, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 5), which reads as follows:

PAR. 5. All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem.

The protests claim the product to be classifiable as a nonenumerated manufactured article under paragraph 1558, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 1558), which provides—

That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

It is the contention of plaintiff, based on the premise that the collector adopted as embracive of the instant merchandise the classification in paragraph 5, *supra*, for mixtures of chemical compounds, that (1) "Kilfrost paste" is not such a mixture, or (2) if the court determines it to be so then the merchandise is excluded

from said paragraph 5, under *Quong Yuen Shing Co.* v. *United States*, 31 C. C. P. A. 43, C. A. D. 247, because at least one of its ingredients is provided for elsewhere in the tariff act.

Plaintiff introduced the only witness, the Government chemist—concededly qualified—who analyzed the merchandise in question to determine its chemical composition. His findings, with his description of each of the components, are set forth in the following tabulation:

| Component | Percent of content | Description |
|---|---|---|
| Petroleum oil | Approx. 68 percent | Distillate—not chemical compound |
| Calcium chloride and iron oxide | Approx. 12 percent with calcium chloride predominant | Calcium chloride—chemical compound, with iron oxide present as impurity |
| Water | 15 percent | Natural product |
| Soap | 5 percent | Chemical compound |
| Gum | Only a trace | Natural product |

The witness showed no familiarity with the manufacture of the merchandise so his testimony concerning the reasons for this particular combination is mere conjecture. He stated that the presence of the petroleum oil distillate and the calcium chloride was indicative of the use of the commodity as a "defrosting" or "kill-frosting" agent, and he considered it to be a mixture as distinguished from a compound.

*United States* v. *Kraemer*, 4 Ct. Cust. Appls. 433, T. D. 33858, and *United States* v. *Holland-American Trading Co.*, 4 Ct. Cust. Appls. 336, T. D. 33527, cited by plaintiff, arose under the Tariff Act of 1909 and involved judicial interpretation of paragraph 3 thereof, whose provisions differed somewhat from those of paragraph 5, *supra*, but the sound reasoning therein presents ample authority to eliminate paragraph 5 as the classification receptacle for the product before us. The statutory construction invoked in the *Quong Yuen Shing* case, *supra*, briefed by defendant's counsel as completely analogous to the issues in this case, does not seem to us to be subject to that interpretation. There, the merchandise (ve-tsin) was found to consist of a physical mixture of chemical compounds, one (salt) of which is *eo nomine* provided for in paragraph 81, Tariff Act of 1930 (19 U. S. C. 1940 ed. §1001, par. 81). Here, the merchandise is substantially a combination of a distillate (68 percent content) and a chemical compound, calcium chloride (12 percent), forming a definite product dedicated to a specific use. It is not specifically provided for and therefore is classifiable under said paragraph 1558, as claimed.

The protests are sustained and the decision of the collector in each instance is reversed. Judgment will be rendered accordingly.