**No. 51244.**—Protest 112861–K of West Coast Trading Co. (Los Angeles).

OLIVER, Presiding Judge: The merchandise in this suit consists of hand-made silver chain imported from Mexico. It was assessed for duty at rates equivalent to 110 percent ad valorem under the provision of paragraph 1527 (b), Tariff Act of 1930, for "* * * fancy patterns of chain * * *." Among various claims made by the plaintiff, the one chiefly relied on is that the chain in question is properly dutiable at 80 percent ad valorem under paragraph 1527 (d) which provides for "* * * other materials of metal * * * suitable for use in the manufacture of any of the foregoing articles in this paragraph * * *." The merchandise is described on the invoice as "Silver chains" No. 3, No. 2, and No. 1 (Mexican silver hand made).

At the trial the testimony of the plaintiff's sole witness was to the effect that the only difference between the No. 1, 2, and 3 silver chains was as to value and weight, No. 3 being the heaviest, the links of all three being constructed in the same way. The chains were imported in lengths of 7, 14, 21, and 36 inches.

After importation the chains were cut into 7-inch lengths, sister hooks or spring rings were affixed, and the completed articles were sold to jewelry trade jobbers as charm bracelets. These completed articles are worn by women and girls on their wrists and ankles.

The testimony of the deputy collector of customs called as a witness for the defendant shows that the classification under paragraph 1527 (b) was predicated on the specific provision therein for "fancy patterns of chain."

It appears from the record that the examiner advisorily classified the merchandise under paragraph 1527 (b) or 1527 (d) and the deputy collector stated that the classification under paragraph 1527 (b) was adopted. He testified as follows:

X Q. Now, how did you know that the chains were fancy? Because the paragraph you read, Mr. Townsend, provides, I believe, for fancy chains. How did you know that they were fancy?—A. For two reasons; one would be that they are Mexican silver, hand-made; and the second, the citation shown by the examiner, 1527 (b), calls for fancy patterns of chain.

X Q. I see. Merely by the reference on there, where he has the numerals and the letter, that is, 1527 (b)?—A. And the invoice description.

We do not find anything in the above testimony to support the classification of these chains as being of a fancy pattern.

The act provides for "fancy patterns of chain" and it is obvious upon examination of the sample, a potent witness, that the pattern or design of this chain is not only not fancy but represents what might be said to be the most ordinary type of

chain known to commerce, namely, a series of oval links, interlocking to form an endless chain, the links being what are frequently described as straight links. In fact, it is difficult to conceive of a simpler or less fancy pattern of chain.

While the presumption both of law and fact favors the correctness of the collector's assessment, our appellate court stated in *Waddell* v. *United States*, 3 Ct. Cust. Appls. 406, 408, T. D. 32989, that the court upon an inspection of the official sample alone may set aside the classification of the collector and "would certainly be justified in that procedure in cases wherein the exercise of the senses and the application of common knowledge would sufficiently disclose an error in the assessment."

There is no proof of any commercial or trade meaning of the term "fancy patterns of chain."

From the appearance of the sample and the testimony describing the merchandise, we are of opinion that the imported chain does not come within the meaning of "fancy patterns of chain" in paragraph 1527 (b). See *Durbrow* v. *United States*, 12 Ct. Cust. Appls. 225, 228, T. D. 40230.

The claims under paragraph 1527 (a) as "Jewelry, commonly or commercially so known, finished or unfinished," and under paragraph 1527 (c) as "Articles * * * designed to be worn on apparel or carried on or about or attached to the person * * * and parts thereof," are not supported by the evidence.

The record shows that the chain in this case was actually used for the manufacture of bracelets and that it is "suitable for use in the manufacture of any of the foregoing articles * * *" (jewelry or articles of personal adornment) (paragraph 1527 (d)). The words "suitable for use" do not imply or indicate chief use. Materials may be suitable for a specific purpose without being wholly or chiefly used for that purpose. *United States* v. *Lorsch*, 8 Ct. Cust. Appls. 109, T. D. 37222.

We therefore hold the chain in question to be properly dutiable at the rate of 80 percent ad valorem under the provision in paragraph 1527 (d) for "* * * materials of metal * * * suitable for use in the manufacture of any of the foregoing articles in this paragraph, if of gold or platinum, 75 per centum ad valorem; if of other metal or metals, plated or unplated, 80 per centum ad valorem." That claim in the protest is sustained. All other claims are overruled.

Judgment will be rendered accordingly.