UNITED STATES *v.* STOUFFER Co. (No. 691).[1]

STONES FOR CRUSHING COLORS.

The contention is made that the stones of the importation are dutiable by similitude as grindstones. The record does not disclose facts that go to show a similitude exists. Moreover the similitude clause can be invoked for unenumerated articles only; that is to say, when no other paragraph than the one providing for nonenumerated unmanufactured or manufactured articles properly applies. This is not the case here.

United States Court of Customs Appeals, March 20, 1912.

APPEAL from Board of United States General Appraisers, Abstract 25501 (T. D. 31568).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Frank L. Lawrence* on the brief), for the United States.

*Isidore Fried* for appellee.

Before MONTGOMERY, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

Two stones, one of them round, about 2 feet in diameter and 7 or 8 inches thick, and the other not round, probably heavier than the first stone, although its size is not definitely stated, were assessed for duty at the rate of 50 per cent ad valorem as sandstone, hewn or dressed, under paragraph 114 of the tariff act of 1909. They were designed to be used together, one stone being placed upon the top of the other and caused to revolve upon a perpendicular axle extending through its center. When in position, the two stones together with the necessary attachments constitute what is called a grinding mill and is used for grinding or crushing colors. Whether the lower stone remains stationary does not appear. Some finishing remained to be done upon both stones when imported. They may well be likened to upper and nether millstones.

The importers made various claims in their protest, but at the hearing before the Board of General Appraisers, limited themselves to the claim that the merchandise was dutiable under paragraph 115 of the same act, either directly or by similitude, and that is the only claim considered here.

---

[1] Reported in T. D. 32351 (22 Treas. Dec., 490).

The material part of paragraph 114 is as follows:

114. Freestone, granite, sandstone, limestone, and all other monumental or building stone, except marble, breccia, and onyx, not specially provided for in this section, hewn, dressed, or polished, or otherwise manufactured, fifty per centum ad valorem * * *.

Paragraph 115 is as follows:

115. Grindstones, finished or unfinished, one dollar and seventy-five cents per ton.

There is no satisfactory evidence tending to show what kind of stones, as to material, the importation is, nor is there evidence of commercial designation.

The material part of the decision of the Board of General Appraisers is as follows:

There is no evidence at all as to how such stones would be known commercially and it may be a question whether, under the definitions of the word "grindstone" given by the lexicographers, a stone for grinding or crushing colors would come within either of them, but we think if not directly dutiable under paragraph 115 for grindstones, finished or unfinished, they are so dutiable by similitude. The protest is therefore sustained and decision of the collector reversed.

From this decision the Government only appealed. The importers have filed no brief and presented no argument in this court.

The evidence in the case is very meager and tends to the conclusion that the merchandise was not properly dutiable under paragraph 114, but in view of what is later said we do not deem it necessary to decide this question.

Neither was it directly dutiable under paragraph 115, as we are clear that a grindstone, not only as defined by lexicographers but in the ordinary use of that word, refers to "a solid wheel of stone, mounted on a spindle and turned by a winch handle, by a treadle, or by machinery, used for grinding, sharpening, or polishing." (See Century Dictionary.) The same authority, quoting another author, says, "Grindstones are employed for three purposes: To smooth surfaces, to reduce metal to a given thickness, and to sharpen edge tools." Some dictionaries give a meaning to the word as including millstones, but say in the same connection that its use in that sense is obsolete, and we think it is so.

Neither does it appear to us that it can be held that these stones are dutiable by similitude as grindstones. From what has been stated it is evident that similitude as to use does not obtain. So far as similitude in quality or texture is concerned there was no satisfactory testimony before the board as to quality or texture, except that the merchandise was a stone of some kind, and the only witness improved by the importers, when asked, said he did not know of what material it was composed. The record does not show of what material grindstones are composed, although it is stated in the Century Dictionary that—

The stone generally used for this purpose is a fine kind of sandstone found in England, Germany, Nova Scotia, and Arkansas, and at Berea, Ohio. Artificial grindstones are made of sand, corundum, emery, or some other abradant, and a cement.

If we assume this to be true, similitude as to material, texture, or quality would seem to be too remote to be successfully claimed, but if we adopt the safer course and confine ourselves to the record, nothing is to be found therein which shows of what material grindstones are composed or the quality or texture thereof, and it was the duty of the importers to establish the similitude upon which they relied. This we think they have not done.

There is another reason why the doctrine of similitude may not be invoked. It can only be applied to articles not enumerated, which means that all other paragraphs, except the one providing for non-enumerated unmanufactured or manufactured articles, must be inapplicable before an importation may be assessed for duty under the similitude provision.

From the facts of record in this case, it seems that if it were held the merchandise was not properly assessable under paragraph 114, it would fall within the provisions of paragraph 95, as an article composed of an earthy or mineral substance. United States *v.* Tamm (2 Ct. Cust. Appls., 425; T. D. 32173). The importers, however, do not claim under that paragraph, but have limited themselves to the contention that the merchandise is dutiable directly or by similitude under paragraph 115, which claim can not be upheld. It follows that the judgment of the Board of General Appraisers should be, and it is, *reversed.*

SMITH, Judge, did not sit in this case.