Woodhull *v.* United States (No. 2865)[1]

United States Court of Customs Appeals, November 14, 1927

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.

[Oral argument October 7, 1927, by Mr. Charles D. Lawrence

Before Graham, Presiding Judge, and Smith, Barber, Bland, and Hatfield, Associate Judges

Bland, Judge, delivered the opinion of the court:

Screened niger seed imported from England was assessed by the collector for duty at 6 cents per pound, under the provision in para-

---

[1] T. D. 42471.

graph 762 of the Tariff Act of 1922, for "all other garden and field seeds, not specially provided for."

Importer claimed it to be free of duty as a vegetable substance, under paragraph 1622, or dutiable at 10 per centum ad valorem under paragraph 1459, as a nonenumerated unmanufactured article. The United States Customs Court overruled the protest and appellant has appealed to this court.

Only one witness testified. His testimony was given on behalf of the importer.

Thomas E. Woodhull testified that for more than 20 years he had been engaged in handling animal foods, and during all that time he and the people with whom he was associated had handled niger seeds, and that they were used for bird food, as a tonic and on account of the oil contained therein, and for no other purpose as far as he knew, and that he never knew of American-grown niger seed to be on the market.

There is no testimony as to how or where the seeds are grown or produced.

The collector's report is as follows:

Protest No. 28858 accompanied by the entries and invoices therein referred to are herewith submitted.

Six cents per pound—Niger seed—Appraiser's adv. classification—Field seed N. S. P. F. Assessed under paragraph 762, Act Sept., 1922.

In Funk & Wagnalls New Standard Dictionary niger seeds are defined as follows:

The small black seeds of an African annual herb (Guizotia oleifera) of the aster family. The plant is cultivated in Abyssinia and India for the oil extracted from its seeds.

In Spons' Encyclopædia, Vol. II, page 1396, the following is found:

The "niger seed" of African commerce, and the ram-til or Kersance of Indian cultivators, is the product of *Guizotia oleifera*. The plant grows wild on the Gold Coast of Africa, and is cultivated in Abyssinia, and in many parts of India, especially Mysore and the Deccan; here the seed is sown in July–August, after the first heavy rains, the fields being simply ploughed, and neither weeded nor manured. The crop is cut three months after the sowing, and, after being sun-dried for a few days, the seed is threshed out, the produce being about two bushels an acre. By the common country mills, only 25 per cent of oil is got from the seed, but better appliances bring the average up to 35. The oil is limpid, clear, pale, and sweet-flavoured, and is used as an edible oil by the poorer classes of India, and commonly as a lamp oil. Though much inferior to gingelly oil, it is frequently used as a substitute for it, and to adulterate both this and castor oil. The oil contains but little stearic or palmitic acid, hence soap made from it, though very white, is soft. The cake is an esteemed food for milch cows.

As we view the question, the fact that it is or is not an oil-bearing plant will have little, if any, bearing in the premises, since it would

seem that the history of the legislation, together with the context of the seed paragraphs of the tariff act of 1922, when compared with similar paragraphs of the act of 1913, is convincing that paragraph 762 was intended by Congress to cover this kind of merchandise.

Paragraph 762 of the Tariff Act of 1922 reads as follows:

762. Other garden and field seeds: Beet (except sugar beet), 4 cents per pound; cabbage, 10 cents per pound; canary, 1 cent per pound; carrot, 4 cents per pound; cauliflower, 25 cents per pound; celery, 2 cents per pound; kale, 6 cents per pound; kohlrabi, 8 cents per pound; mangelwurzel, 4 cents per pound; mushroom spawn, 1 cent per pound; onion, 15 cents per pound; parsley, 2 cents per pound; parsnip, 4 cents per pound; pepper, 15 cents per pound; radish, 4 cents per pound; spinach, 1 cent per pound; tree and shrub, 8 cents per pound; turnip, 4 cents per pound; rutabaga, 4 cents per pound; flower, 6 cents per pound; all other garden and field seeds not specially provided for, 6 cents per pound: *Provided*, That the provisions for seeds in this schedule shall include such seeds whether used for planting or for other purposes.

Paragraph 212 of the act of 1913 is as follows:

212. Seeds: Castor beans or seeds, 15 cents per bushel of fifty pounds; flax-seed or linseed and other oil seeds not specially provided for in this section, 20 cents per bushel of fifty-six pounds; poppy seed, 15 cents per bushel of forty-seven pounds; mushroom spawn, and spinach seed, 1 cent per pound; canary seed, ½ cent per pound; caraway seed, 1 cent per pound; anise seed, 2 cents per pound; beet (except sugar beet), carrot, corn salad, parsley, parsnip, radish, turnip, and rutabaga seed, 3 cents per pound; cabbage, collard, kale, and kohl-rabi seed, 6 cents per pound; egg plant and pepper seed, 10 cents per pound; seeds of all kinds not specially provided for in this section, 5 cents per pound: *Provided*, That no allowance shall be made for dirt or other impurities in seeds provided for in this paragraph.

It will be observed that the seeds provided for under paragraph 212, *supra*, were divided up and placed in different paragraphs of the Tariff Act of 1922; *caraway* and *anise* seeds were put under paragraph 779, under "Spices and spice seeds," while the *oil seeds* were put under paragraph 760, under "Oil-bearing seeds and materials." The failure to remove canary seeds from paragraph 762 and leaving them provided for by name in the paragraph headed "Other garden and field seeds" is, to our way of thinking, an indication pointing directly to the proper solution of the problem involved in the decision of this case.

Concerning canary seed, in Funk & Wagnalls New Standard Dictionary is found the following:

Canary grass: A grass (Phalaris canariensis), cultivated for its seeds, which are used as bird food.

As far as we know canary seeds are used only for bird food and are not brought here for the purpose of planting either in the field, garden, or elsewhere, and yet Congress directed their classification for tariff purposes along with field and garden seeds.

Importer's chief contention is that paragraph 762, headed "Other garden and field seeds" was meant to cover only such "seeds of the class generally intended for planting in gardens and fields," and that the proviso was meant to prevent the fugitive or unusual use of such seeds, for purposes other than planting, to control their classification. The trouble with importer's position is that Congress left canary seeds in the paragraph, and, as we understand it, they are not of the class that are "intended for planting in gardens or fields," but are for bird food. Furthermore, regardless of what meaning we might be disposed to give to the proviso, under other circumstances, it certainly is broad and definite enough to apply to the seeds in controversy.

It seems that no oil-bearing seeds were left by name in paragraph 762 and yet an examination of the oil-bearing seed paragraph (760), shows that niger seed was not named therein and the seeds provided for by name are not followed by any such provision as "and other oil-bearing seeds n. s. p. f." as was found in the first part of paragraph 212, *supra*.

The imported merchandise, under the proof of the case, serves, in this country, the exact purpose as that served by canary seed, and it would seem that it should receive the same treatment for tariff purposes.

The collector found that the seeds were properly described under "all other garden and field seeds, not specially provided for," and there is nothing in the record to warrant a reversal of his finding. The judgment of the court below affirming the classification of the collector and overruling the protest of the importer is *affirmed*.