UNITED STATES *v.* CANADIAN PACIFIC RAILWAY Co. (No. 3181)[1]

United States Court of Customs and Patent Appeals, October 28, 1929

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson*, special attorney, of counsel), for the United States.
*Joseph F. Lockett* for appellee.

[Oral argument October 15, 1929, by Mr. Lawrence and Mr. Lockett]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

The merchandise involved herein consists of coarse sandstones, cylindrical in shape, with a hole through the center of each of them

---

[1] T. D. 43671.

to admit of being mounted on a shaft. The common size is 27-inch face by 54-inch diameter. They are used for grinding wood into pulp. The stone is hung on a shaft at right angles to its diameter. The shaft and stone are hung in bearings over which is placed a cast-iron casing. Cylinders operate a pressure foot which travels up and down inside the packets. In making pulp the pressure foot is raised to the top of the packet, allowing space under it and between it and the stone for the placing of blocks of wood. When this space is filled the action of the pressure foot is reversed, the wood is pressed against the face of the stone which is revolving, driven by motors or water wheels, and it is ground down to a pulp.

The collector of customs described the merchandise as follows:

These are millstones of coarse sandstone, not suitable for use in grinding articles of metal and only suitable for their intended use in grinding logs into wood pulp.

They were assessed for duty by the collector under paragraph 235 of the Tariff Act of 1922 at 50 per centum ad valorem, which paragraph reads as follows:

PAR. 235. Freestone, granite, sandstone, limestone, lava, and all other stone suitable for use as monumental or building stone, except marble, breccia, and onyx, not specially provided for, hewn, dressed, or polished, or otherwise manufactured, 50 per centum ad valorem; unmanufactured, or not dressed, hewn, or polished, 15 cents per cubic foot.

The importer protested, claiming the merchandise dutiable at $1.75 per ton under paragraph 236, or at 30 per centum ad valorem under paragraph 214, or free under paragraph 1619, or dutiable at 10 per centum ad valorem or 20 per centum ad valorem under paragraph 1459.

In view of the conclusion we have reached, only paragraph 236 need be quoted. That paragraph reads as follows:

PAR. 236. Grindstones, finished or unfinished, $1.75 per ton.

The Customs Court sustained the protest, holding the merchandise should be classified as grindstones under paragraph 236 and assessed for duty thereunder at $1.75 per ton, and entered judgment accordingly. From such judgment the Government appeals.

Appellant concedes that the stones were improperly classified by the collector under paragraph 235, but contends that the lower court erred in holding that they should be classified under paragraph 236.

The first question is whether the stones in issue are "grindstones" within the meaning of that word as used in paragraph 236, and, if they are such, it disposes of the case.

There was no proof on the trial below of commercial designation, and therefore the only question is as to the common meaning of the word "grindstones" as understood at the time of the passage of the Tariff Act of 1922.

The Government relies upon the case of *United States* v. *Stouffer Co.*, 3 Ct. Cust. Appls. 67, T. D. 32351, contending that the merchandise there involved was similar to the merchandise here in issue, which this court held not to be grindstones, and further, that the court adopted a definition of the word "grindstones" which would exclude the merchandise here in question.

The stones involved in that case were two stones designed to be used together, one stone being placed upon the top of the other and caused to revolve upon a perpendicular axis extending through its center. The two stones together were used for grinding or crushing colors. The court stated that they might well be likened to upper and nether millstones. In discussing the question of whether the article was a "grindstone," the court said:

> Neither was it directly dutiable under paragraph 115 (Tariff Act of 1909, now paragraph 236, Tariff Act of 1922), as we are clear that a grindstone, not only as defined by lexicographers but in the ordinary use of that word, refers to "a solid wheel of stone, mounted on a spindle and turned by a winch handle, by a treadle, or by machinery, used for grinding, sharpening, or polishing." (See Century Dictionary.) The same authority, quoting another author, says, "Grindstones are employed for three purposes: To smooth surfaces, to reduce metal to a given thickness, and to sharpen edge tools." Some dictionaries give a meaning to the word as including millstones, but say in the same connection that its use in that sense is obsolete, and we think it is so.

The stones in question in that case were used for the purpose of grinding or crushing colors by means of the same passing between the two stones. We do not think that this constituted "grinding" within the meaning of that term as used in connection with grindstones, and therefore the decision in that case was correct.

The determination of that case, however, was not dependent upon the limited definition quoted by the court, quoting an authority as to the use of grindstones, as follows:

> Grindstones are employed for three purposes: To smooth surfaces, to reduce metal to a given thickness, and to sharpen edge tools.

If we adopt this language as a correct definition of the only use to which grindstones are put, the merchandise here in question would be excluded from the term, but the court did not in the *Stouffer* case so adopt it, and we feel at liberty to examine anew the question of the common meaning of the word "grindstone." In addition to the definitions of the word found in the Century Dictionary, quoted in the *Stouffer* case, *supra*, we find that Funk & Wagnalls Standard Dictionary defines the word "grindstone" as follows:

> A flat circular stone, so hung that it can be rotated upon an axis; used for sharpening tools, etc., or for abrading by grinding; also any stone suitable for making grindstone. 2. A millstone, also a grist-mill, obs.

The stones here in question clearly come within the first part of the first definition, for they are to be used for "abrading by grind-

ing." There is nothing in the definition to indicate that the abrading is confined to metals. We may add that we think that they also come within the first definition of the word given in the Century Dictionary, quoted in the *Stouffer* case, "a solid wheel of stone mounted on a spindle and turned by a winch handle, by a treadle, or by machinery, used for grinding, sharpening, or polishing."

But there is good authority that specific stones of the character here in question are commonly known as grindstones.

In the New International Encyclopedia, in the article entitled "Paper," volume 15, page 319, under the subhead "wood pulp," is found the following:

There are two kinds of wood pulp used in paper making, mechanical pulp or ground wood and chemical fibre. * * * Ground wood is made by pressing blocks of wood obliquely (across the grain) against rapidly revolving *grindstones.*

And in the Encyclopedia Britannica, in the article entitled "Paper Materials," volume 17, page 239, it is stated:

Mechanical pulp is prepared as a pulp by grinding wood wet against a *grindstone.*

Finally, in the Summary of Tariff Information, 1920, prepared for the use of the Committee on Ways and Means of the House of Representatives, on page 177, after quoting paragraph 115 of the Tariff Act of 1909 and paragraph 100 of the Tariff Act of 1913, both of which are identical with the present paragraph 236 of the Tariff Act of 1922, under the head of "General Information," we find the following:

Description and uses: The term "grindstone" usually refers to the natural quarried stone. Pulp stones are heavy grindstones used for grinding wood in making pulp and paper, and weigh from 2 to 4 tons.

From all the foregoing we are convinced that the stones here in question are grindstones within the common understanding of that word and are assessable as such under the provisions of paragraph 236. Therefore the judgment of the court below is *affirmed.*