BRITISH AMERICAN TOBACCO CO. (LTD.) *v.* UNITED STATES (No. 3246)[1]

United States Court of Customs and Patent Appeals, January 13, 1930

. *Comstock & Washburn* (*George J. Puckhafer* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson*, special attorney, of counsel), for the United States.

[Oral argument December 4, 1929, by Mr. Puckhafer and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

The merchandise involved herein was invoiced as "segmental grindstones." The collector classified the merchandise as parts of machines under paragraph 372 of the Tariff Act of 1922 and assessed it with duty at the rate of 30 per centum ad valorem. Appellant protested, claiming it to be dutiable as grindstones at $1.75 per ton under paragraph 236. The Customs Court overruled the protest, and from its decision this appeal is taken.

The pertinent part of paragraph 372 of the tariff act which is involved reads as follows:

PAR. 372. * * * all other machines or parts thereof, finished or unfinished, not specially provided for, 30 per centum ad valorem.

Paragraph 236 of the tariff act reads as follows:

·PAR. 236. Grindstones, finished or unfinished, $1.75 per ton.

⁰ T. D. 43812.

The issue is whether the merchandise should be classified as parts of machines, as held by the collector and the court below, or as grindstones, as claimed by appellant.

It appears from the samples of the merchandise in evidence that each stone is slightly elliptical in shape and measures 8 inches across the top, 5½ inches across the bottom, 12½ inches in length, and 3 inches in thickness. They are specially constructed and designed, and exclusively employed as parts of machines that are used to sharpen tobacco-cutting knives. It further appears that six of the stones are clamped onto a headstock or holder through which a shaft runs, which shaft is connected by means of a belt to a source of power causing the shaft and the attached stones to revolve. The tobacco-cutting knife to be sharpened fits on a carriage which is moved back and forth across the end face of the stones while the stones are in motion, thus accomplishing the grinding.

The collector held that the stones in question were artificial segments, and not quarried out of natural stone. Appellant, as we understand, concedes this.

This court has previously had occasion to consider the meaning of the word "grindstones" as that term is used in the tariff laws. *United States* v. *Stouffer Co.*, 3 Ct. Cust. Appls. 67, T. D. 32351; *United States* v. *Canadian Pacific Railway Co.*, 17 C. C. P. A. 238, T. D. 43671.

In neither of these cases did the court declare or adopt an all-inclusive definition of grindstones, but it did declare one essential feature that a grindstone must possess. In *United States* v. *Stouffer Co.*, *supra*, this court said:

\* \* \* we are clear that a grindstone, not only as defined by lexicographers but in the ordinary use of that word, refers to "a solid wheel of stone, mounted on a spindle and turned by a winch handle, by a treadle, or by machinery, used for grinding, sharpening, or polishing." (See Century Dictionary.)

To this extent, therefore, the court declared a definition of the term "grindstone," and no article not coming within that definition can be classified as a grindstone without overruling that case. Other features may be considered in determining whether an article is a grindstone, but it must possess this feature specifically declared by the court as necessary to a grindstone.

In *United States* v. *Canadian Pacific Railway Co.*, *supra.*, the question of the meaning of the word "grindstone" again came before this court. In that case we quoted with approval the declaration of an essential feature of a grindstone, given in the *Stouffer* case, viz, "a solid wheel of stone, mounted on a spindle and turned by a winch handle, by a treadle, or by machinery, used for grinding, sharpening or polishing." We also, in the latter case, quoted the definition of "grindstone" given by Funk & Wagnalls Standard Dictionary, as follows: "A flat circular stone, so hung that it can be rotated upon an

axis; used for sharpening tools, etc., or for abrading or grinding; also any stone suitable for making grindstones. 2. A millstone, also a grist mill."

In the case at bar it is clear that the stones in question do not contain that essential feature of a grindstone declared and adopted by this court. They are not "solid wheels of stone" nor "flat circular stones" so hung that each can be rotated upon an axis. The only point at which they answer the definition of a grindstone is that they are used for grinding, but they are not separately so used, and use alone is not enough to constitute an article a grindstone.

We see no reason to change our views of the common meaning of the word grindstone, as expressed in the *Stouffer* and *Canadian Pacific Railway Co.* cases.

The stones here in question are clearly *parts of machines*, and the judgment of the Customs Court is *affirmed*.