PRUNTY SEED & GRAIN CO. *v.* UNITED STATES (No. 3353)[1]

United States Court of Customs and Patent Appeals, November 10, 1930

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh*, special attorney, of counsel), for the United States.

[Oral argument October 13, 1930, by Mr. Tompkins and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:.

The question before us upon this appeal is the proper classification of certain imported merchandise invoiced as "thistle seed," entered for duty at St. Louis, Mo., as "canary seed" under paragraph 762 of the Tariff Act of 1922 at 1 cent per pound, and assessed for duty by the collector as "niger seed" under the last clause of said paragraph 762, reading as follows:

\* \* \* all other garden and field seeds not specially provided for, 6 cents per pound.

The appellant protested such classification, claiming the merchandise to be free of duty as oil-bearing seeds under paragraph 1626, or if dutiable, at 1 cent per pound under paragraph 762 as canary seeds by similarity of use, or if not so dutiable, as sunflower seed at 2 cents per pound under paragraph 760, or at 2 cents per pound under the provision for all other grass seeds not specially provided for under paragraph 761, all of the paragraphs named being of said Tariff Act of 1922.

The lower court entered judgment overruling the protest, from which judgment the importer takes this appeal.

In this court appellant makes no claim to classification under paragraph 761.

The competing paragraphs in issue are as follows:

PAR. 762. Other garden and field seeds: Beet (except sugar beet), 4 cents per pound; cabbage, 10 cents per pound; canary, 1 cent per pound; carrot, 4 cents per pound; cauliflower, 25 cents per pound; celery, 2 cents per pound; kale, 6 cents per pound; kohlrabi, 8 cents per pound; mangelwurzel, 4 cents per pound; mushroom spawn, 1 cent per pound; onion, 15 cents per pound; parsley, 2 cents per

pound; parsnip, 4 cents per pound; pepper, 15 cents per pound; radish, 4 cents per pound; spinach, 1 cent per pound; tree and shrub, 8 cents per pound; turnip, 4 cents per pound; rutabaga, 4 cents per pound; flower, 6 cents per pound; all other garden and field seeds not specially provided for, 6 cents per pound: *Provided*, That the provisions for seeds in this schedule shall include such seeds whether used for planting or for other purposes.

PAR. 1626. Oil-bearing seeds and nuts: Copra, hempseed, palm nuts, palmnut kernels, tung nuts, rapeseed, perilla and sesame seed; seeds and nuts, not specially provided for, when the oils derived therefrom are free of duty.

PAR. 760. Oil-bearing seeds and materials: Castor beans, one-half of 1 cent per pound; flaxseed, 40 cents per bushel of fifty-six pounds; poppy seed, 32 cents per 100 pounds; sunflower seed, 2 cents per pound; apricot and peach kernels, 3 cents per pound; soya beans, one-half of 1 cent per pound; cotton seed, one-third of 1 cent per pound.

The lower court held that paragraph 1626 was not applicable for the reason that it covers only oil-bearing seeds and nuts therein named, and seeds and nuts not specially provided for when the oils derived therefrom are free of duty, and that niger-seed oil is not free of duty under the Tariff Act of 1922. In this the lower court was, of course, correct and appellant does not here press the claim that the merchandise was classifiable under said paragraph 1626.

As to whether the merchandise in question falls within the scope of the provision of paragraph 762 for "all other garden and field seeds not specially provided for," the lower court pointed out that this court, in the case of *Woodhull* v. *United States*, 15 Ct. Cust. Appls. 288, T. D. 42471, expressly so held; and, following that decision, it overruled the protest.

Appellant really argues here that the decision in *Woodhull* v. *United States, supra,* should be overruled because its counsel claims that in that case the court did not consider paragraph 760 or the provision for canary seed in paragraph 762.

The question of whether niger seeds were included in the provision of paragraph 762 for "all other garden and field seeds" was exhaustively considered in the *Woodhull* case, and it was held that they were so included. We see no reason for changing the conclusion there reached, and it is unnecessary to discuss again that question.

However, if niger seeds are more specifically provided for under some other provision of the Tariff Act of 1922 they are not dutiable, of course, under the provision of paragraph 762 for "all other garden and field seeds not specially provided for," even though they are included in the phrase "all other garden and field seeds."

Appellant contends:

1. That niger seeds are oil-bearing seeds and should be classified directly or by similitude as sunflower seeds under paragraph 760;

2. That niger seeds are similar in use in the Unite ˑtates to canary seeds and should be dutiable accordingly.

As to the first contention, that niger seeds should be classified directly or by similitude as sunflower seeds, there is no testimony that

niger seeds are ever known as sunflower seeds, either commonly or commercially. Appellant bases its contention upon a statement found in the Century Dictionary that niger seeds are seeds of a small genus of composite plants *resembling the sunflower*, and upon the following testimony of one of appellant's witnesses:

Q. Do you know whether it is of a sunflower family, this seed?—A. It is of the wild sunflower.

To say that a seed comes from a plant "resembling the sunflower," or that it comes from a species of plants to which the wild sunflower belongs, is no evidence whatever that it is a sunflower seed. Sunflower seeds are provided for *eo nomine* in paragraph 760. The seeds in question are not sunflower seeds but niger seeds and commonly known as such.

As to appellant's contention that they should be classified under paragraph 760 as sunflower seeds by similitude, it is sufficient to say that before the similitude clause of paragraph 1460 can be applied, every paragraph of the Tariff Act of 1922 except paragraph 1459, providing for nonenumerated unmanufactured or manufactured articles, must be inapplicable. *United States* v. *Stouffer Co.*, 3 Ct. Cust. Appls. 67, T. D. 32351.

Since paragraph 762 is applicable, niger seeds could not be brought under paragraph 1459, hence the similitude clause of paragraph 1460 can not be invoked.

As to appellant's contention that niger seeds are similar in use in the United States to canary seeds, and should be dutiable accordingly, the observation last above made as to the applicability of the similitude clause of paragraph 1460 is determinative of this question. Niger seeds are not canary seeds. They fall within the last provision of paragraph 762—"all other garden and field seeds not specially provided for"—and there is no basis for the application of the similitude clause of paragraph 1460.

The judgment of the United States Customs Court is *affirmed*.