(C. D. 839)

GULF IMPORTING Co. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 29, 1944)

*Philip Stein* for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*John J. McDermott,* special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover a part of the duty assessed on merchandise imported from Argentina and invoiced as "canary seed." Duty was assessed by the collector at the rate of 1 cent per pound under the provision for canary seeds in paragraph 764 of the Tariff Act of 1930 and the plaintiff relies upon the claim that the merchandise is dutiable at 10 per centum ad valorem as nonenumerated unmanufactured articles under paragraph 1558. That claim is contained in an amendment to the protest.

At the trial the only witness called by the plaintiff was Mr. R. E. Thompson, a United States customs examiner and acting appraiser at the port of Houston, Tex. He testified that he examined the merchandise at the time of importation and advisorily classified it as

canary seeds under paragraph 764 and that he had previously examined and classified the same kind of merchandise; that, according to his understanding, canary seeds are seeds used as food for canaries; that they are not the kinds of seeds required to be sent to the testing laboratories of the Department of Agriculture for the germination tests; that he had never heard that they were used to grow anything. On cross-examination the witness testified that he never made germination tests of such seeds.

The pertinent parts of the paragraph under which the merchandise was classified read as follows:

PAR. 764. Other garden and field seeds: * * *; canary, 1 cent per pound; * * * Provided, That the provisions for seeds in this schedule shall include such seeds whether used for planting or for other purposes.

The plaintiff contends that since the canary seeds herein involved are not used for garden or field seeds, but are used merely as food for birds, they cannot be classified under paragraph 764. It would seem that, in view of the proviso to the paragraph, there is no merit in such contention.

The plaintiff claims that the seeds in this case cannot be classified under paragraph 764 because they are weed seeds, relying upon the definition of the term "canary seed" in Webster's New International Dictionary, 1939 edition, reading as follows:

canary seed. a. Seed of the canary grass, used as food for cage birds. b. Seed of the common plantain (Plantago major).

Counsel refers also to the definition of the word "plantain" reading as follows:

plantain, n. Any plant of the genus Plantago, esp. the commonest species P. major. * * *. They are chiefly dooryard or roadside weeds with narrow or elliptic leaves and spikes of minute greenish flowers.

There is nothing in the record tending to show that the seeds in the instant case are the kind described in "b" of the definition of canary seed above, as the "seed of the common plantain." The plaintiff's witness testified that the commodity consisted of canary seeds, and, from all that appears in the record, they may be seed of the canary grass such as are defined in definition "a." We are of opinion that counsel's designation of the commodity as weed seeds is wholly unsupported by the evidence. But even if the imported products are weed seeds, a complete answer to the plaintiff's contention is contained in *Prunty Seed & Grain Co.* v. *United States*, 18 C. C. P. A. (Customs) 268, T. D. 44429, and *Woodhull* v. *United States*, 15 Ct. Cust. Appls. 288, T. D. 42471. In the *Prunty Seed & Grain Co.* case, *supra*, the merchandise was invoiced as "thistle seed" but was described by the court as "niger seed." In the *Woodhull* case, *supra*, the merchandise was niger seed. The court held in each case that the seeds were clas-

sifiable under the provision for "other garden and field seeds not specially provided for" in paragraph 762 of the Tariff Act of 1922 which, with the exception of rates of duty on some of the items, is identical with paragraph 764 of the present act. See also *United States* v. *Hinton & Co.*, 22 C. C. P. A. (Customs) 90, T. D. 47079, covering "teazle" and "golden pleasure" seeds used as a tonic for birds.

Following the principle announced in the decisions cited, the protest in this case is overruled. Judgment will be rendered in favor of the defendant.